SEALED

CAH/MJC2019R00542

ENTERED
LODGED   RECEIVED
MAY 5 2021
AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. DKC 21cr 146 |
| v. | : | |
| | : | (Conspiracy to Commit Wire Fraud, |
| LIANG LIANG ZENG, | : | 18 U.S.C. § 1349; Wire Fraud, 18 |
| BIN TANG, | : | U.S.C. § 1343; Access Device Fraud, |
| WEN FU ZENG, and | : | 18 U.S.C. § 1029(a)(5); and Forfeiture, |
| YONG CHEN, | : | 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2), |
| | : | 1029(c), 21 U.S.C. § 853(p), 28 U.S.C. |
| Defendants. | : | § 2461(c)) |

...oOo...

## INDICTMENT

### COUNT ONE

**(Conspiracy to Commit Wire Fraud)**

The Grand Jury for the District of Maryland charges that:

#### Introduction

At all times relevant to this Indictment:

1. Defendant LIANG LIANG ZENG ("ZENG") was a resident of Reisterstown, Maryland. ZENG was the son of Defendant WEN FU ZENG.

2. Defendant BIN TANG ("TANG") was a resident of Queens, New York.

3. Defendant WEN FU ZENG was a resident of Reisterstown, Maryland. WEN FU ZENG was the father of ZENG.

4. Defendant YONG CHEN was a resident of Owings Mills, Maryland.

5. Target Corporation ("Target"), a company based in Roseville, Minnesota, owned and operated discount retail stores throughout the United States, including in the state of Maryland.

6. Target sold gift cards at its retail store locations, online via the Target.com website, and through other retailers. Once activated, a Target gift card ("gift card") could be used to purchase products at Target stores and at Target's online shopping site.

    a. In addition to the purchase value, each gift card was assigned a unique card number and corresponding access code that is revealed by scratching off a layer of film on the back of the card.

    b. An individual who possessed a gift card number and corresponding access code could use the card without physically possessing it. That individual could also enter the gift card number and access code into Target's digital application ("app") loaded on a cell phone. The app was called Target Wallet, and it generated a unique bar code on the cell phone screen that could be scanned at a checkout register in lieu of presenting the physical gift card when purchasing a product from Target. The remaining balance on a particular gift card could be determined at a Target checkout register or by using the app.

7. Each Target Store employee was assigned a unique employee number upon being hired. The employee identification number, referred to as a Target Team Member Number, was used by Target's human resources system to track an employee's responsibilities and manage payroll. A Target employee was entitled to a ten percent discount on Target purchases. To take advantage of the discount, an employee had to provide their Target Team Member Number at the time of purchase. A Target employee could enter their Target Team Member Number into their Target Wallet application so their employee discount could be applied to purchases at the time of checkout.

8. The purchase and redemption of Target gift cards caused interstate wire communications to a data center located in Minnesota.

9. WeChat was a Chinese text messaging and mobile payment application for cell phones. WeChat provides its account holders with interstate and foreign text messaging, hold-to-talk voice messaging, video calls, and other services.

### The Scheme and Artifice to Defraud

10. From in or about July 2018 until in or about September 2020, in the District of Maryland and elsewhere, ZENG, TANG, WEN FU ZENG, CHEN, and other persons known and unknown to the Grand Jury, knowingly devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, that is, the fraudulent purchase and redemption of Target gift cards (hereinafter, "the scheme to defraud").

### The Conspiracy to Execute the Scheme to Defraud

11. From in or about July 2018 until in or about September 2020, in the District of Maryland and elsewhere,

**LIANG LIANG ZENG,
BIN TANG,
WEN FU ZENG, and
YONG CHEN,**

the defendants herein, did knowingly and willfully conspire, combine, confederate, and agree with each other, and other persons known and unknown to the Grand Jury ("conspirators"), to commit wire fraud, that is, to knowingly execute and attempt to execute the scheme to defraud and for the purpose of executing and attempting to execute the scheme to defraud did knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343 (hereinafter, "the conspiracy to defraud").

### Object of the Conspiracy and Scheme to Defraud

12. The object of the conspiracy and scheme to defraud was to defraud victims of their money and property by materially false and fraudulent pretenses, representations and promises.

### Manner and Means of the Conspiracy and Scheme to Defraud

13. It was part of the conspiracy and scheme to defraud that conspirators contacted victims by phone and email with the intent to fraudulently induce them to buy Target gift cards.

14. It was further part of the conspiracy and scheme to defraud that conspirators assumed fictitious identities, including falsely claiming to be from the Internal Revenue Service or a subscription service, among other ruses, and falsely told victims that they owed money or were entitled to a refund.

15. It was further part of the conspiracy and scheme to defraud that conspirators fraudulently induced victims to purchase multiple Target gift cards by claiming they could pay off an alleged outstanding debt or collect a purported refund.

16. It was further part of the conspiracy and scheme to defraud that conspirators directed the victims to tell members of the conspiracy the numbers and access codes on the back of the gift cards they purchased on the false belief that they were resolving a claim or debt.

17. It was further part of the conspiracy and scheme to defraud that the defendants and other conspirators used WeChat to purchase and share newly acquired gift card numbers and access codes obtained by fraud, and to let members of the conspiracy know approximately how much time they had to redeem the cards to minimize the risk of being discovered.

18. It was further part of the conspiracy and scheme to defraud that the defendants and other conspirators had members of the conspiracy, referred to as "runners" or "buyers," stationed at Target stores waiting to receive fraudulently acquired gift card numbers and corresponding access codes. Runners were simultaneously deployed to Target stores ahead of time, sometimes

in different geographic areas within a state, even in different states, to ensure full redemption of the gift cards before the victim or Target employees discovered the scheme to defraud and stopped the transactions or canceled the cards.

19. It was further part of the conspiracy and scheme to defraud that the defendants and other conspirators used runners to go into Target stores to redeem fraudulently acquired gift cards by purchasing high-end electronic products, such as iPads and Apple watches.

20. It was further part of the conspiracy and scheme to defraud that the defendants and other conspirators presented a Target employee's Team Member Number at the time of purchase in order to get a ten percent discount on electronic devices purchased with the fraudulently acquired gift cards, thereby maximizing the value of the cards.

21. It was further part of the conspiracy and scheme to defraud that the defendants and other conspirators shared information about the types of electronic products that foreign buyers in Hong Kong and elsewhere were willing to purchase and the prices they were willing to pay.

22. It was further part of the conspiracy and scheme to defraud that the defendants and other conspirators, after redeeming fraudulently acquired gift cards at multiple Target stores on a given day, met afterwards at a central location, including locations in Baltimore County, Maryland, to take inventory of the products purchased with the fraudulently acquired gift cards; package the products for shipment to a foreign buyer; assess the remaining balances on the gift cards; and pay the runners.

23. It was further part of the conspiracy and scheme to defraud that the defendants and other conspirators arranged to have foreign buyers pay for the fraudulently obtained products by wiring the proceeds of the sales to various bank accounts in China.

18 U.S.C. § 1349

## COUNT TWO

(Wire Fraud)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 10 and 13 through 23 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2. On or about July 11, 2018, in the District of Maryland, the defendant,

**LIANG LIANG ZENG,**

for the purpose of executing the scheme to defraud, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communications, certain writings, signs, signals, and sounds, namely, a wire from a Target store in Abingdon, Maryland, to a data center in Minneapolis, Minnesota, for the redemption of Target gift card number ending in 9801, in the amount of $507.61, purchased by J.G. of Columbia, South Carolina.

18 U.S.C. § 1343
18 U.S.C. § 2

## COUNT THREE

(Wire Fraud)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 10 and 13 through 23 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2. On or about July 11, 2018, in the District of Maryland, the defendant,

**WEN FU ZENG,**

for the purpose of executing the scheme to defraud, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communications, certain writings, signs, signals, and sounds, namely, a wire from a Target store in Abingdon, Maryland, to a data center in Minneapolis, Minnesota, for the redemption of Target gift card number ending in 9801, in the amount of $1,492.39, purchased by J.G. of Columbia, South Carolina.

18 U.S.C. § 1343
18 U.S.C. § 2

## COUNT FOUR

(Wire Fraud)

The Grand Jury for the District of Maryland further charges that:

2. Paragraphs 1 through 10 and 13 through 23 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2. On or about January 10, 2020, in the District of Maryland, the defendant,

**YONG CHEN,**

for the purpose of executing the scheme to defraud, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communications, certain writings, signs, signals, and sounds, namely, a wire from a Target store in Owings Mills, Maryland, to a data center in Minneapolis, Minnesota, for the redemption of Target gift card number ending in 1182, in the amount of $500, purchased by R.E.S. of Hampstead, Maryland.

18 U.S.C. § 1343
18 U.S.C. § 2

## COUNT FIVE

(Wire Fraud)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 10 and 13 through 23 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2. On or about January 24, 2020, in the District of Maryland, the defendant,

**WEN FU ZENG,**

for the purpose of executing the scheme to defraud, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communications, certain writings, signs, signals, and sounds, namely, a wire from a Target store in Ellicott City, Maryland, to a data center in Minneapolis, Minnesota, for the redemption of Target gift card number ending in 8304, in the amount of $438.84, purchased by D.F. of Alexandria, Virginia.


18 U.S.C. § 1343
18 U.S.C. § 2

## COUNT SIX

(Access Device Fraud)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 10 and 13 through 23 of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

2. From on or about September 14, 2019 until on or about September 13, 2020, in the District of Maryland and elsewhere, the defendants,

**LIANG LIANG ZENG,
BIN TANG,
WEN FU ZENG, and
YONG CHEN,**

knowingly and with intent to defraud, effected transactions with access devices, namely, Target gift card numbers issued to other persons, to receive merchandise during a one-year period, the aggregate value of which was equal to or greater than $1,000, and said conduct affected interstate commerce, in that the access devices and merchandise were obtained from retail stores engaged in such commerce.

18 U.S.C. § 1029(a)(5)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2), and 1029(c); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c) in the event of the defendants' conviction under any of the offenses in Counts One through Six of the Indictment.

### Wire Fraud Forfeiture

2. Upon conviction for any of the offenses set forth in Counts One through Five, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendants,

**LIANG LIANG ZENG,**
**BIN TANG,**
**WEN FU ZENG, and**
**YONG CHEN,**

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the scheme to defraud, including, but not limited to a money judgment in the amount of $1,061,000 representing in the proceeds the defendants obtained from their participation in the scheme to defraud.

### Access Device Fraud Forfeiture

3. Upon conviction for the offenses set forth in Count Six, pursuant to 18 U.S.C. §§ 982(a)(2) and 1029(c), the defendants,

**LIANG LIANG ZENG,**
**BIN TANG,**
**WEN FU ZENG, and**
**YONG CHEN,**

shall forfeit to the United States any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the offense, and any personal property used or intended to be used to commit the offense.

### Specific Property

The property to be forfeited includes, but is not limited to, the following electronic products:

    a. 5 Apple Watches
    b. 19 Apple iPad Minis
    c. 2 Nintendo Switches
    d. 34 Apple iPad Pros
    e. 60 Apple iPad Airs
    f. 6 Apple iPads
    g. Nikon D3500 digital camera
    h. 2 Phillips Sonicare toothbrushes

### Substitute Assets

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence

    b. has been transferred, sold to, or deposited with a third party

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above.

18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(2)
18 U.S.C. § 1029(c)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Jonathan F. Lenzner/mjc*
Jonathan F. Lenzner
Acting United States Attorney
District of Maryland

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: 5-5-21